FILED

MAY 23 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Xavier Flores, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. *13- 751 UNA* |
| | ) | |
| Best Western *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's four *pro se* complaints, which are consolidated into this one civil action, and his application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 cryptic complaints within the first two weeks of March alone, sues entities located in Madison, Wisconsin, purportedly under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff concludes that those entities denied his request to use either the phone or the bathroom, but he has not stated any other facts and does not claim to have a disability.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a

complaint needs some information about the circumstances giving rise to the claims.") (quoting

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).   Plaintiff has stated no

facts to support an ADA claim.   Even if he had, such a claim is properly brought in the judicial

district where the alleged unlawful practice occurred or where the relevant records are

maintained and administered, which appears in this case to be the United States District Court for

the Western District of Wisconsin.   *See* 42 U.S.C. § 12117(a) (incorporating Title VII's

enforcement procedures set forth at 42 U.S.C. § 2000e-5(f)(3).   A separate Order of dismissal

accompanies this Memorandum Opinion.

United States District Judge

Date:  May ___, 2013